UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KAREN BACHARACH                                CIVIL ACTION

VERSUS                                         NO:     14-0962

SUNTRUST MORTGAGE, INC.                        SECTION: "L" (4)

### ORDER

Before the Court is a **Motion to Compel Discovery Responses from Plaintiff (R. Doc. 36)** filed by the Defendant, SunTrust Mortgage Inc., challenging the adequacy of the Plaintiff, Karen Bacharach's responses to the discovery propounded by the Defendant. The motion is opposed.[1] *See* R. Doc. 42. The motion was considered on the briefs on Wednesday, April 1, 2015.

### I.     Background

This action arises out of the Defendant's alleged failure to correct its reporting errors to the three credit bureaus—Equifax, Experian and TransUnion—in reference to the Plaintiff's credit history. The Plaintiff has two mortgage loans with the Defendant. Plaintiff alleges that in February 2012, Defendant made a bookkeeping error by transferring part of her "escrow payments to her payments," which presumably means that part of her mortgage payment was applied to her escrow resulting in what appeared to be a missed or late payment. *See* R. Doc. 21, at 2. Plaintiff alleges that Defendant assured her that if any delinquencies appear on her credit report, it would correct it. *Id.* However, in March and April 2012, Defendant allegedly reported to the credit bureaus that Plaintiff was late in making her monthly mortgage payment. *Id.* Plaintiff made numerous attempts in March and April 2012 to resolve the issue by speaking with SunTrust employees. On June 18, 2012, Plaintiff alleges that she spoke with an employee with

---

[1] The Plaintiff was untimely in filing her opposition to the motion, and the Defendant objected to the Plaintiff's late filed opposition. However, the Court finds that the Defendant is not prejudiced by the Plaintiff's untimely opposition and any prejudice the Defendant may have been subjected to is alleviated by the Court granting the Defendant's Motion for Leave to File a Reply to Plaintiff's Memorandum in Opposition to Motion to Compel (R. Doc. 43). As such, the Court will consider the Plaintiff's untimely opposition.

SunTrust Credit Services who informed her that SunTrust would rescore and change the credit report. *Id.* Plaintiff also alleges that SunTrust sent three letters in August acknowledging the error and stating that SunTrust would make the necessary corrections. *Id.* at 3.

Plaintiff alleges that Hurricane Isaac damaged her properties on August 28, 2012 but due to the errors on her credit report she was unable to secure financing to repair the properties. *Id.* Plaintiff alleges that she again attempted to resolve the delinquency through Defendant and through the credit bureaus, but the delinquency remained on her credit as of the day she filed the instant action, which was on April 29, 2014. Plaintiff alleges detrimental reliance, violation of the Fair Credit Reporting Act, negligence, and emotional distress. *Id.* at 4-5.

On January 29, 2015, the Court granted the Defendant's motion for partial judgment on the pleadings because the Plaintiff did not file an opposition. *See* R. Doc. 29. All of Plaintiff's state law claims were dismissed and the only remaining claim is under the Fair Credit Reporting Act.

Two weeks later, on February 11, 2015, the Court held a telephonic status conference with counsel for the Plaintiff and the Defendant. *See* R. Doc. 30. During the status conference the parties discussed outstanding discovery, which was propounded by the Defendant on January 2, 2015 and included the Defendant's First Set of Interrogatories and Request for Production of Documents. The Court ordered that the Plaintiff tender her responses by February 18, 2015 and the Plaintiff complied.

However, according to the Defendant, the Plaintiff's discovery responses were incomplete and counsel for the Defendant conducted telephonic discovery conferences with Plaintiff's counsel regarding the incomplete responses. *See* R. Doc. 36-7. During the last discovery conference call on March 12, 2015, Defendant represents that Plaintiff's counsel stated that he would provide supplemental responses by March 16, 2015. *Id.* On March 17, 2015,

Defendant filed the instant motion after Plaintiff's counsel did not provide the supplemental responses.

In the instant motion, the Defendant is challenging the adequacy of Plaintiff's discovery responses. Defendant argues that the Plaintiff has not produced all of the requested information and documents, and refuses to provide her medical records. *See* R. Doc. 36-1, at 2.

### III.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The Court notes that the discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court."  *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources;

(4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Rule 26(b)(3) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party in its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." However, such materials may be discoverable when either allowed by Rule 26(b)(1), or when a party shows a "substantial need" for the information and that obtaining the information by another means would pose an "undue hardship."

Rule 33 states that "a party may serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1). "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The responding party "must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." Fed. R. Civ. P. 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

**IV.     Analysis**

4

Defendant argues that the Plaintiff's discovery responses were incomplete or inadequate. *See* R. Doc. 36-1, at 2. Specifically, Defendant contends that the Plaintiff did not provide full responses to Interrogatories Nos. 3, 6, 14, and 15, and Requests for Production ("RFP") Nos. 5, 8, 9, 10, 20, 21, and 22. Additionally, Defendant contends that the Plaintiff failed to identify which documents are responsive to its specific requests for production and improperly referenced all of the documents she produced in response to each discovery request. *Id.* at 3.

The Plaintiff filed an untimely opposition to the Defendant's motion and represents that Defendant's motion is unnecessary and moot because she provided additional documents on March 30, 2015 and March 31, 2015. *See* R. Doc. 42, at 1. Plaintiff also represents that she was deposed on March 31, 2015 and during the deposition she responded to inquires that were similar to the interrogatories at issue in the subject motion. *Id.* at 2.

In the Defendant's reply to the Plaintiff's opposition, it argues that the Plaintiff's additional production did not satisfy the discovery at issue and contends that the discovery responses continue to be deficient. *See* R. Doc. 43-1, at 1-2. Also, for the first time the Defendant challenged the adequacy of RFP No. 4, which requests all documents exchanged between the Plaintiff and TransUnion, Experian, and Equifax that related to the basis of this lawsuit. However, the Defendant did not make any reference to RFP No. 4, or its substance, in the underlying motion. *Id.* at 2. Requests for relief must be properly raised in a motion and not in subsequent replies; therefore the Court will not consider the adequacy of the Plaintiff's production for RFP No. 4.

Before the Court considers each response to the discovery requests at issue, the Court notes that the Plaintiff is required during document production to identify which document is responsive to which request. Plaintiff's response to each Request for Production is the exact same, and is not tailored to each request. Thus, Plaintiff's failure to identify the responsive

5

documents does not comport with the Federal Rules of Civil Procedure and the Plaintiff is ordered to identify which document is responsive to which request for production.

The Court will now look at each Interrogatory and Request for Production at issue:

**a) Interrogatory No. 3**

Defendant requested the Plaintiff to state each instance where she claims SunTrust violated the Fair Credit Reporting Act ("FCRA"), including which section she alleges SunTrust violated, and the date of each alleged violation. *See* R. Doc. 36-2, at 5.

In response, the Plaintiff listed the dates of the alleged violations but did not list which sections of the FCRA that she contends SunTrust violated. The Plaintiff also did not object to the Defendant's request to identify the sections of the FCRA. *Id.* Therefore, the Court finds that the response is incomplete and the Defendant's motion is granted as to Interrogatory No. 3.[2] The Plaintiff is ordered to produce a supplemental response alleging which sections of the FCRA she contends SunTrust violated.

**b) Interrogatory No. 6**

Defendant requested that the Plaintiff identify each instance where she lost credit or was denied credit in the three-years preceding the lawsuit, including the name of the bank or institution where she sought the credit, the date she applied for credit, the amount of the credit sought and the substance of all communications she had with the bank or institution regarding the denial of credit. *See* R. Doc. 36-2, at 6.

In response, the Plaintiff directed the Defendant to her Affidavit that named the financial institutions in which she sought credit and the approximate time she was denied credit, but did not include the dates she applied for credit, the amount of credit sought, or the substance of the

---

[2] While the Plaintiff was not fully responsive to the request, the Court notes that under FCRA Plaintiff's claim most likely qualifies as a billing error and there is only one provision in the FCRA that would be applicable.

communications she had with the financial institutions regarding the denial of credit. *See* R. Doc. 36-3, at 4.

The Plaintiff also did not specifically object to producing this information or state that the information does not exist. Therefore, the Court finds that the response is incomplete and the Defendant's motion is granted as to Interrogatory No. 6. The Plaintiff is ordered to produce a supplemental response including the dates she applied for credit, the amount of credit sought, and the substance of the communications she had with the financial institutions regarding the denial of credit.

   c) **Interrogatory No. 14**

Defendant requested that the Plaintiff state the factual basis for her allegation that SunTrust "failed to take steps necessary or any steps at all to investigate or reinvestigate the errors it had previously acknowledged." *See* R. Doc. 36-2, at 8.

In response, the Plaintiff directed the Defendant to her responses to Interrogatories Nos. 2 and 6-9, and failed to specifically respond to the request or object. *Id.* Based on the Plaintiff's failure to explicitly respond to the request, the Defendant's motion is granted as to Interrogatory No. 14. The Court orders the Plaintiff to produce a supplemental response.

   d) **Interrogatory No. 15**

Defendant requested the Plaintiff to identify and describe each instance where she contends SunTrust reported "errors" concerning her Accounts to any credit bureaus. *Id.*

In response, the Plaintiff directed the Defendant to an Affidavit that listed the loans and the dates for which SunTrust reported her delinquent. *Id.* The Plaintiff additionally described what happened with each error. As such, the Court finds that the Plaintiff's answer is responsive to the request and the Defendant's motion is denied as to Interrogatory No. 15.

   e) **Request for Production No. 5**

Defendant requested copies of all credit reports obtained by the Plaintiff from January 1, 2011 to the present. *See* R. Doc. 36-2, at 10. Defendant contends that the Plaintiff produced portions of credit reports but did not produce her full credit report. *See* R. Doc. 36-1, at 4. Defendant contends that the Plaintiff's supplemental documents produced on March 30, 2015 and March 31, 2015 only contained partial credit reports that only showed SunTrust's credit reporting and portions of other creditors who happen to be listed on the same page as SunTrust. *See* R. Doc. 43-1, at 2.The Defendant argues that complete credit reports are relevant to the Plaintiff's allegation that SunTrust's reporting caused her to be denied credit. *Id.* Defendant contends that the complete credit reports will allow it to determine if other creditors reported negative information which may have contributed to or caused her to be denied credit. *Id.*

Plaintiff's response to RFP No. 5 is the same response she provided for each and every individual RFP. *See* R. Doc. 36-2, at 9-16. In the blanket response she identified all the exhibits produced in her Rule 26 Disclosures as well as three additional exhibits she attached to her response and the representation that she will provide a fourth supplemental document containing cell phone records. *Id.* Furthermore, Plaintiff's responses to the discovery requests and the Plaintiff's opposition to the subject motion did not object to providing her full credit report.

In *Hutchins v. Choice Recovery, Inc.*, No. 2:14-CV-196, 2014 WL 6879247, at *2 (S.D. Ohio Dec. 4, 2014), the Ohio Southern District Court considered a similar motion seeking to compel the plaintiff to produce his credit report. The plaintiff in *Hutchins*, similar to the Plaintiff here, alleged that the defendant's wrongful and incomplete information on the plaintiff's credit report harmed his credit reputation. *Id.* at *3. In response to the defendant's request for his credit report, the plaintiff only produced the portion of his credit report that reflected the defendant's alleged violation. The court in *Hutchins* concluded that the plaintiff's "credit reputation" is

8

affected by everything on his credit report and that the defendant is entitled to access the entire report to assess the extent of any harm to the plaintiff's credit reputation.

Here, the Plaintiff has similarly produced only the portion of her credit report that reflects the alleged reporting error by the Defendant. One of the issues in this case is whether the Defendant's error caused her to be denied credit, which implicates her entire "credit reputation." Accordingly, the Defendant is entitled to the entire credit report to assess whether the Plaintiff has other negative information on her credit report that may have contributed to or caused her to be denied credit. Plaintiff's allegations place her credit history at issue and the Plaintiff is ordered to produce her entire credit report. As such, the Defendant's motion is granted as to RFP No. 5.

f) **Request for Production No. 8**

Defendant requested all documents that support, evidence, or pertain to Plaintiff's assertion that she is entitled to monetary and/or statutory damages from SunTrust. *See* R. Doc. 36-2, at 11. Defendant has only stated that the response to this request is inadequate but has not provided any justification for it being inadequate, which is not sufficient to challenge the Plaintiff's response. Furthermore, the request as written is overly broad and does not specifically state the category or type of information it seeks from the Plaintiff. Therefore, the Defendant's motion is denied as to RFP No. 8.

g) **Request for Production No. 9**

Defendant requested all documents that support the Plaintiff's claim that the errors on her credit reports prohibited her from obtaining credit to improve her business and make repairs following the hurricane. *See* R. Doc. 36-2, at 11. Defendant has only stated that the response to this request is inadequate but has not provided any justification for it being inadequate, which is

not sufficient to challenge the Plaintiff's response. Thus, the Defendant's motion is denied as to RFP No. 9.

h) **Request for Production No. 10**

Defendant requested all documents that support Plaintiff's claim that she suffered damages by having to take time away from her business and having to hire additional help to assist her in her business. *See* R. Doc. 36-2, at 11. Defendant argues that the Plaintiff provided no documents supporting this contention and contends that she did not identify the employees she hired to assist her in her business. *See* R. Doc. 36-1, at 5. Defendant avers that the Plaintiff did not produce employment records, employee pay stubs, accounting records, financial statements, or tax returns to show the amount paid to each employee. *See* R. Doc. 43-1, at 3.

As written, the Defendant's request does not specifically request employee information or request any of the information the Defendant contends is missing from the Plaintiff's production. The Defendant's request is overly broad and should have been written to explicitly request the information sought, namely employment records, employee pay stubs, accounting records, financial statements, and tax returns. Accordingly, the Defendant's motion is denied as to RFP No. 10.

i) **Request for Production Nos. 20, 21, 22**

The Defendant requested that the Plaintiff produce for the three year period preceding the lawsuit (1) a copy of any letters, adverse action notices and/or other documents that notified her that she received credit at a less favorable rate than the credit for which she applied; (2) a copy of all documents evidencing that the Plaintiff was denied credit; and (3) a copy of all credit applications that the Plaintiff completed. *See* R. Doc. 36-1, at 4-5. Defendant represents that the Plaintiff did provide a list of the financial institutions that allegedly denied her credit or offered her credit at a higher interest rate, but did not produced credit applications, adverse action letters,

denial of credit letters or information pertaining to the amount sought. *See* R. Doc. 43-1, at 3. Since the Defendant explicitly asked for the information sought and the information is relevant to the Plaintiff's FCRA claim, the Court finds that the Defendant's motion is granted as to RFP Nos. 20, 21, and 22.

    **j) Medical Records**

In the subject motion, the Defendant avers that the Plaintiff did not produce her medical records. However, the Defendant did not specifically identity which of its requests sought medical records. The Court notes that RFP Nos. 14, 15, 16, and 19 all request documents relating to the Plaintiff's medical records and history. The Court also notes that RFP No. 15 explicitly requests all of the Plaintiff's medical records, charts, progress reports, prognoses or other similar documents regarding any damages for which she seeks to recover in this case. *See* R. Doc. 36-2, at 13. Since RFP No. 15 explicitly requests medical records pertaining to the claim and the Defendant's motion only requests medical records, the Court will only consider RFP No. 15.

The Defendant contends that the Plaintiff listed several healthcare providers in response to Interrogatory No. 9, but has refused to provide the Defendant with either her medical records or signed medical authorizations. *See* R. Doc. 36-1, at 6. Defendant contends that the Plaintiff should be barred from introducing any evidence of emotional distress or other non-pecuniary damages during the trial. *Id.*

Under the FCRA, a plaintiff is able to recover damages for emotional distress. When seeking emotional distress damages, an FCRA plaintiff "is required to present 'evidence of genuine injury, such as the evidence of the injured party's conduct and the observations of others,' and to demonstrate 'a degree of specificity which may include corroborating testimony or medical or psychological evidence in support of the damage award.'" *Wagner v. BellSouth*

*Telecommunications, Inc.*, 520 F. App'x 295, 298-99 (5th Cir. 2013) (quoting *Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001)).

When a plaintiff is seeking emotional distress damages, medical records related to the claim are relevant under the broad construction of Rule 26(b)(1). *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005). Here, the Plaintiff's medical records are relevant to help the Defendant assess the Plaintiff's emotional distress claim and may provide the defendant with an alternative explanation for the Plaintiff's emotional distress claim. *See Hingle v. Bd. of Adm'rs of Tulane Educ. Fund*, No. CIV.A. 95-0134, 1995 WL 731696, at *3 (E.D. La. Dec. 7, 1995). Given that the Plaintiff has not specifically objected to producing her medical records, the Court finds that the medical records pertaining to her emotion distress in relation to her claim in this case are relevant. As such, the Defendant's motion is granted as to RFP No. 15.

## V.     Conclusion

IT IS ORDERED that Defendant's **Motion to Compel (R. Doc. 36)** is **GRANTED in part and DENIED in part.** It is **GRANTED** as to Interrogatories Nos. 3, 6, and 14, and Request for Production Nos. 5, 15, 20, 21, and 22. It is **DENIED** as to Interrogatory No. 15, and Request for Production Nos. 8 and 9.

IT IS FURTHER ORDERED that the Plaintiff provide a list corresponding each Request for Production to each document that is responsive to that request and supplemental responses to Interrogatories Nos. 3, 6, and 14, and Request for Production Nos. 5, 15, 20, 21, and 22 **by April 28, 2015**.

New Orleans, Louisiana, this 21st day of April 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**