UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN BACHARACH | CIVIL ACTION |
| VERSUS | NO. 14-962 |
| SUNTRUST MORTGAGE, INC. | SECTION "L" |

## ORDER & REASONS

Before the Court is a motion from Defendant SunTrust Mortgage, Incorporated ("SunTrust") for summary judgment or alternatively partial summary judgment. (Rec. Doc. 41). Having considered the briefs and the applicable law, the Court now rules on this matter.

### I.     BACKGROUND

On March 31, 2014, *pro se* Plaintiff Karen Bacharach brought this action against Defendant SunTrust Mortgage, Inc. in the Civil District Court for the Parish of Orleans. Ms. Bacharach asserted claims under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and state law regarding two SunTrust loans that she received. On April 29, 2014, SunTrust removed to this Court (Rec. Doc. 1). On June 4, 2014, the Court granted leave for Ms. Bacharach to amend her complaint on or before June 30, 2014. (Rec. Doc. 12). On the date of the deadline, June 30, 2014, Ms. Bacharach filed the amended complaint through counsel Michael Breeden; however, the amended complaint was marked "deficient" because it did not contain a caption, signature, valid certificate of service, or separate attachment. Ms. Bacharach was instructed to refile the deficient document within seven calendar days, which she did not do. A status conference was held on July 23, 2014 to discuss the status of the case. Ultimately, Ms. Bacharach filed an amended complaint on July 25, 2014. (Rec. Doc. 21).

In the amended complaint, Ms. Bacharach alleges that SunTrust made a bookkeeping error with regard to her payment on loans held by SunTrust, which caused negative information to appear on her credit reports. Ms. Bacharach alleges that she was unsuccessful in her attempts to resolve this error, despite the fact that SunTrust admitted to the error on several occasions. Due to the fact that these errors appeared on her credit report, Ms. Bacharach states that she was unable to obtain financing to repair her home when it was damaged by Hurricane Isaac. Despite continued conversations with both SunTrust and the credit monitoring services, the delinquencies continue to appear on Ms. Bacharach's credit report.

In the amended complaint, Ms. Bacharach asked for relief based on three theories. First, she claimed that SunTrust is liable under the theory of detrimental reliance, based on the fact that she was, according to SunTrust's statements, "lulled into not acting against SunTrust or making more inquiries through the credit reporting agencies." (Rec. Doc. 21). Ms. Bacharach also sought relief under the Fair Credit Reporting Act based on the allegations that SunTrust failed to take the steps needed to investigate the errors. Finally, Ms. Bacharach requested damages under Louisiana tort law, alleging that she suffered damages when she was unable to obtain credit to improve her business and make repairs following Isaac.

The Court recently granted as unopposed SunTrust's motion for partial judgment on the pleadings, finding merit to SunTrust's evidence and arguments regarding its motion. Specifically, the Court dismissed the state law claims of detrimental reliance and tort because the FCRA preempted such claims.

## II.     PRESENT MOTION

SunTrust now moves for summary judgment and partial judgment on the pleadings in the alternative. (Rec. Doc. 41). It argues that the material facts are undisputed and that Ms. Bacharach has not demonstrated the elements of her claim. First, SunTrust argues Ms. Bacharach

2

pled a claim under § 1681i, which only applies to Credit Reporting Agencies ("CRA"). Second, SunTrust argues that to the extent Ms. Bacharach is making a claim under § 1681s-2(b), her claim nonetheless fails because there is no evidence that SunTrust's credit reporting was actually incorrect. Rather, SunTrust argues, Ms. Bacharach was late on several payments, and SunTrust reported that information. Third, SunTrust argues that it received no notice of any disputed claim from a CRA.[1] Finally, SunTrust argues that she cannot show any damage.

As she has done repeatedly throughout this case, Ms. Bacharach missed the deadline by which to oppose SunTrust's motion for summary judgment. Instead, she requested an extension until April 20, 2015 to file her response. The Court extended the deadline until April 20, 2015 and *yet again* Ms. Bacharach did not respond. Only after the Court gave one last extension did Ms. Bacharach finally oppose SunTrust's motion. (Rec. Doc. 56). Ms. Bacharach argues that material facts are in dispute in that SunTrust agreed not to report Ms. Bacharach as late on her payments and that her due dates would be extended. Ms. Bacharach further argues that SunTrust admitted to "clerical errors." Ms. Bacharach also asserts that there is ample evidence as to her damages. Ms. Bacharach thus requests that the Court deny the motion for summary judgment.

### III.   DISCUSSION

####   A.   Statement of law – summary judgment

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."

---

[1] SunTrust also argues that these arguments similarly foreclose any claim under the Fair Debt Collection Practices Act, to the extent Ms. Bacharach has made such a claim.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-moving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the non-movant. *Id.* at 255.

    B.    FCRA Claims

SunTrust argues that it is entitled to summary judgment on Ms. Bacharach's FCRA claims. Under the Fair Credit Reporting Act, furnishers of information to CRAs may be liable for failure to comply with certain duties. "Under § 1681s–2, furnishers may not provide inaccurate information to consumer reporting agencies, 15 U.S.C. § 1681s–2(a)(1), and also have specific duties in the event of a dispute over furnished information, *id.* § 1681s–2(b). Only the second of these duties is subject to a private cause of action." *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010). SunTrust is a furnisher of information to CRAs.

As an initial matter, the Court must determine which subsection of the FCRA is the basis for Ms. Bacharach's claims. Ms. Bacharach's initial complaint generally states a cause of action under the FCRA, while her amended and supplemental complaint states a cause of action under section 1681i. As SunTrust correctly points out, however, section 1681i only imposes duties on CRAs and does not govern furnishers, such as SunTrust here. The parties' briefs suggest that Ms.

4

Bacharach's claim must fall under a more appropriate subsection of the FCRA, section 1681s-2(b). The Court agrees that Ms. Bacharach's allegations fall under section 1681s-2(b). *See Chiang*, 595 F.3d at 35.

To recover under section 1681s–2(b), a Plaintiff must demonstrate that (1) she notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified the Defendant of the dispute; and (3) the Defendant failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation. *Richard v. Equifax, Inc.*, No. 4:14-CV-2519, 2014 WL 7335034, at *2 (S.D. Tex. Dec. 17, 2014).

Even in viewing the evidence in the light most favorable to Ms. Bacharach, she cannot establish the elements of her FCRA claim. Most problematically, Ms. Bacharach cannot demonstrate the last element: that SunTrust failed to conduct an investigation, failed to correct any inaccuracies, and failed to notify the CRA of the results of the investigation. The Court will give credence, for the purposes of this motion, to Ms. Bacharach's argument that SunTrust's acknowledgment of "clerical errors" demonstrates inaccuracies made to CRAs regarding her two pertinent loans. Even so, the record is replete with evidence that SunTrust did exactly what the FCRA required it to do when an alleged inaccurate furnishing of information occurs: investigate, correct any inaccuracies, and notify the CRAs. For example, Ms. Bacharach's own evidence indicates that SunTrust investigated her claims of inaccuracies, communicated with the CRAs about those allegations, corrected any inaccuracies, and confirmed that her credit report did not reflect any negative information. (Rec. Docs. 57-1 at 27, 30). Ms. Bacharach's FCRA claim

cannot stand on such allegations.[2] Therefore, summary judgment is appropriate in SunTrust's favor.

### C. FDCPA

Summary judgment is also appropriate regarding any FDCPA claim. Although Ms. Bacharach generally stated a cause of action under the FDCPA in her initial complaint, she did not make such a claim in her amended and supplemental complaint, and did not mention the FDCPA in her brief opposing summary judgment. The Court agrees with SunTrust that Ms. Bacharach has not provided evidence to establish the required elements, including whether she was the object of a collection activity arising from consumer debt or that SunTrust is a "debt collector" under the FDCPA. Therefore, summary judgment is appropriate on any FDCPA claim Ms. Bacharach may be alleging.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that SunTrust's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Ms. Bacharach's claims are hereby **DISMISSED**.

New Orleans, Louisiana, this 27th day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Although Ms. Bacharach argues that SunTrust extended her deadlines and otherwise accepted late payments, thus improperly reported her to CRAs, this argument misses the point. As explained herein, even if SunTrust reported inaccurate information to the CRAs, the evidence indicates that it took all the required steps to correct any inaccuracy. There is no FCRA liability where a furnisher complies with its duties regarding disputed inaccuracies. *See Chiang*, 595 F.3d at 35. Thus, Ms. Bacharach's arguments are without merit.