UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN BACHARACH | CIVIL ACTION |
| VERSUS | NO. 14-962 |
| SUNTRUST MORTGAGE, INC. | SECTION "L" |

### ORDER & REASONS

Before the Court is a motion from Defendant SunTrust Mortgage, Incorporated ("SunTrust") for reconsideration of this Court's judgment in favor of SunTrust. (Rec. Doc. 69). Having considered the briefs and the applicable law, the Court now rules on this matter.

### I. BACKGROUND

On March 31, 2014, *pro se* Plaintiff Karen Bacharach brought this action against Defendant SunTrust Mortgage, Inc. in the Civil District Court for the Parish of Orleans. Ms. Bacharach asserted claims under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and state law regarding two SunTrust loans that she received. On April 29, 2014, SunTrust removed to this Court (Rec. Doc. 1). On June 4, 2014, the Court granted leave for Ms. Bacharach to amend her complaint on or before June 30, 2014. (Rec. Doc. 12). On the date of the deadline, June 30, 2014, Ms. Bacharach filed the amended complaint through counsel Michael Breeden; however, the amended complaint was marked "deficient" because it did not contain a caption, signature, valid certificate of service, or separate attachment. Ms. Bacharach was instructed to refile the deficient document within seven calendar days, which she did not do. A status conference was held on July 23, 2014 to discuss the status of the case. Ultimately, Ms. Bacharach filed an amended complaint on July 25, 2014. (Rec. Doc. 21).

In the amended complaint, Ms. Bacharach alleges that SunTrust made a bookkeeping error with regard to her payment on loans held by SunTrust, which caused negative information to appear on her credit reports. Ms. Bacharach alleges that she was unsuccessful in her attempts to resolve this error, despite the fact that SunTrust admitted to the error on several occasions. Due to the fact that these errors appeared on her credit report, Ms. Bacharach states that she was unable to obtain financing to repair her home when it was damaged by Hurricane Isaac. Despite continued conversations with both SunTrust and the credit monitoring services, the delinquencies continue to appear on Ms. Bacharach's credit report.

In the amended complaint, Ms. Bacharach asked for relief based on three theories. First, she claimed that SunTrust is liable under the theory of detrimental reliance, based on the fact that she was, according to SunTrust's statements, "lulled into not acting against SunTrust or making more inquiries through the credit reporting agencies." (Rec. Doc. 21). Ms. Bacharach also sought relief under the Fair Credit Reporting Act based on the allegations that SunTrust failed to take the steps needed to investigate the errors. Finally, Ms. Bacharach requested damages under Louisiana tort law, alleging that she suffered damages when she was unable to obtain credit to improve her business and make repairs following Isaac.

The Court recently granted as unopposed SunTrust's motion for partial judgment on the pleadings, finding merit to SunTrust's evidence and arguments regarding its motion. Specifically, the Court dismissed the state law claims of detrimental reliance and tort because the FCRA preempted such claims.

More recently, on April 27, 2015, the Court granted Sun Trust's motion for summary judgment and ordered that Ms. Bacharach's remaining claims be dismissed. (Rec. Doc. 65). The Court reviewed the facts drawing all reasonable inferences in the light most favorable to Ms.

Bacharach and determined that SunTrust was entitled to summary judgment on Ms. Bacharach's FCRA claims as well as to any FDCPA claims.

With regards to Ms. Bacharach's FRCA claim, the Court determined that it fell under section § 1681s-2(b) as claims under § 1681i only impose duties on Credit Reporting Agencies ("CRA") and do not govern furnishers, which SunTrust is in the instant matter.  Moreover, the Court held that Ms. Bacharach was unable to establish the necessary elements to recover under § 1681s-2(b).  Specifically, she was unable to show that SunTrust failed to conduct an investigation, correct any inaccuracies, and notify the CRA of the results of the investigation. (Rec. Doc. 65 at 5).  The Court found that the record was replete with evidence that SunTrust did exactly what the FRCA required it to do—investigate, correct, and notify.  Ms. Bacharach's own evidence indicated that SunTrust investigated her claims of inaccuracies, communicated with the CRA's about those allegations, corrected any inaccuracies, and confirmed that her credit report did not reflect any negative information. Accordingly, the Court held that her FCRA claim could not stand and summary judgment in SunTrust's favor was appropriate. Id.  Similarly, the Court held that summary judgment was appropriate with regard to any FDCPA claim because she did not provide evidence to establish the required elements, including whether she was the object of a collection activity arising from consumer debt or that SunTrust was a "debt collector" under the FDCPA. Id. at 6.

## II. PRESENT MOTION

On May 26, 2015, Ms. Bacharach filed the instant motion asking the Court to reconsider its granting of the motion for summary judgment in favor of the defendant because of newly discovered evidence, and allow Ms. Bacharach a reasonable period of time within which to conduct written discovery including a corporate deposition of SunTrust and of the CRAs. (Rec. Doc. 69).  In the alternative, Ms. Bacharach requests that she be permitted to amend her

complaint to include the facts that were either absent from or not clearly stated in the original and first amended complaint. Id. at 1. Ms. Bacharach argues that reconsideration is appropriate in light of "newly discovered evidence" that shows that SunTrust "had (either negligently or maliciously) not only failed to correct erroneous credit information despite requests but actually gone back and changed favorable or neutral information to adverse credit information." Id. at 4.

The Defendant makes the following arguments in support of its opposition to Ms. Bacharach's motion: (1) the evidence is not newly discovered; (2) the alleged newly discovered evidence—a summation of Plaintiff's supposed telephone conversations with the CRAs in her affidavit and her secretly recorded conversations with the CRAs are inadmissible hearsay; and (3) the purported newly discovered evidence would not have changed the Court's prior decision to grant SunTrust's Motion for Summary Judgment as it neither establishes that SunTrust failed to investigate or report inaccuracies nor does it establish that Ms. Bacharach suffered any recoverable damages . (Rec. Doc. 75).

Likely anticipating that the Defendant would argue that the evidence was not new, counsel for Ms. Bacharach argues that the "new evidence" was not presented sooner because Ms. Bacharach misunderstood the requirements of the law and undersigned counsel failed to make certain she adequately understood the necessity of providing counsel with every document related to the negative reporting on her accounts. (Rec. Doc. 69 at 8). Counsel for Ms. Bacharach specifically argues that the standard for reconsideration is met under Rule 59(e) and Rule 60(b) because (i) there was a miscommunication between client and counsel; (ii) the proposed evidence is admissible and should be received as lawfully recorded conversations and as containing admissions of a party-opponent, which are not hearsay; and (iii) the new CRA evidence makes summary judgment premature.

4

**III.     DISCUSSION**

    **A.     Statement of law**

Grounds for granting a motion to alter or amend under Federal Rule of Civil Procedure 59(e) include "(1) any intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). The United States Court of Appeals for the Fifth Circuit has noted that altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). Yet, district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

    **B.     Analysis**

"An unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). However, the failure to present the relevant evidence in this case is excusable as to Ms. Bacharach. See Rec. Doc. 69-2, Plaintiff's Affidavit ("I went back through my computer and found a great deal of information and documentation that I would have provided to counsel had I understood its relevancy. Initially, I understood my counsel's instructions were to obtain evidence and documentation related to SunTrust and did not understand his instructions that he also required all evidence that was sent to the three Credit Reporting Agencies."). The fault in this case lies not with Ms. Bacharach but with her Counsel. Ms. Bacharach should not be penalized for the failings of her Counsel. Accordingly, the Court will exercise its discretion to permit reconsideration in order to prevent any injustice to Ms. Bacharach that resulted from her counsel's actions or inactions.

## IV. CONCLUSION

The Court reluctantly **GRANTS** Ms. Bacharach's Motion for Reconsideration, noting that this matter may well be resolved on Summary Judgment at a later date.

New Orleans, Louisiana, this 1st day of July, 2015.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE