UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN BACHARACH | CIVIL ACTION |
| VERSUS | NO. 14-962 |
| SUNTRUST MORTGAGE, INC. | SECTION "L" |

**ORDER & REASONS**

Before the Court is a motion from Defendant SunTrust Mortgage, Inc. ("SunTrust") for summary judgment. (Rec. Doc. 41). Having considered the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

I.   BACKGROUND

   A.   Factual Background

This action arises out of two of Plaintiff Karen Bacharach's ("Ms. Bacharach") mortgage loans serviced by SunTrust. Ms. Bacharach alleges that SunTrust erroneously reported delinquencies on these loans to credit report agencies in violation of the Fair Credit Reporting Act ("FCRA"). She alleges SunTrust's willful conduct of refusing to correct its error and continuously reporting that the she was late in making her monthly mortgage payments caused her to suffer well more than (2) million dollars in actual damages (Rec. Doc. 89-4 at 12). Ms. Bacharach claims she suffered damages by (i) being unable to repair or obtain financing for repairs to properties following Hurricane Isaac; (ii) being forced to pay higher interest rates on other loans; and (iii) being precluded from acquiring mortgage loans and refinancing existing loans. (Rec. Doc. 89-4). For example, Ms. Bacharach alleges she suffered approximately $8,000 a month in lost rental income when she was unable to purchase the building behind her home on Magazine Street and approximately $143,600 in lost profits when she was unable to

refinance and develop her property on Dauphin Island. *Id.* Ms. Bacharach also seeks emotional distress damages from dealing with the repercussions of an inaccurate consumer report and the frustrating ordeal of trying to set the record straight. (Rec. Doc. 90 at 8).

  **B.**  **Procedural Background**

  On March 31, 2014, Ms. Bacharach filed her complaint against SunTrust, asserting claims under the FCRA, the Fair Debt Collection Practices Act ("FDCPA"), and state law. On July 25, 2014, she filed an amended complaint, alleging that SunTrust made a bookkeeping error with regard to her payment on loans held by SunTrust, which caused negative information to appear on her credit reports. (Rec. Doc. 21). Thereafter, SunTrust filed a motion for partial judgment on the pleadings seeking dismissal of Ms. Bacharach's state law claims, which this Court granted.

  On April 27, 2015, the Court granted Sun Trust's motion for summary judgment and ordered that Ms. Bacharach's remaining claims be dismissed. (Rec. Doc. 65). The Court reviewed the facts drawing all reasonable inferences in the light most favorable to Ms. Bacharach and determined that SunTrust was entitled to summary judgment on Ms. Bacharach's FCRA and FDCPA claims as Ms. Bacharach could not provide evidence to establish the required elements of her claims. With regard to her FRCA claim, Ms. Bacharach was unable to show that SunTrust failed to conduct an investigation, correct any inaccuracies, and notify the CRA of the results of the investigation as required under 15 U.S.C. § 1681s-2(b). (Rec. Doc. 65 at 5). With regard to any FDCPA claim, Ms. Bacharach did not provide evidence to establish that she was the object of a collection activity arising from consumer debt or that SunTrust was a "debt collector" under the FDCPA. *Id.* at 6. On April 30, 2015, a judgment dismissing the case was entered. (Rec. Docs. 65, 66).

On May 26, 2015, Ms. Bacharach filed a motion for reconsideration alleging new evidence related to SunTrust's furnishing of her information to credit reporting agencies. On July 1, 2015, the Court "reluctantly" granted her Motion for Reconsideration "in order to prevent any injustice to Ms. Bacharach" that resulted from her counsel's failure to make certain she adequately understood the necessity of providing counsel with every document related to the negative reporting on her accounts. (Rec. Doc. 83). Ms. Bacharach's only remaining claim is for violation of the FCRA, 15 U.S.C. § 1681. SunTrust now moves for summary judgment requesting dismissal of Ms. Bacharach's sole remaining claim on the grounds that she has not incurred any recoverable damages as a result of any FRCA violation by SunTrust. (Rec. Doc. 89).

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-moving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir.

3

2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the non-movant. *Id.* at 255.

## III. DISCUSSION

### A. The Fair Credit Reporting Act

In 1970, Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). To guard against the use of inaccurate or arbitrary information in evaluating an individual for credit, insurance, or employment, Congress required that consumer reporting agencies "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom" a credit report relates. 15 U.S.C. § 1681e(b). A consumer reporting agency that negligently fails to comply with FCRA's requirements is liable for actual damages, costs, and reasonable attorney's fees. 15 U.S.C. § 1681*o*. Willful noncompliance renders a consumer reporting agency additionally liable for punitive damages. 15 U.S.C. § 1681n.

Given that SunTrust is a furnisher of information to CRAs, Ms. Bacharach's FRCA claim must fall under section 1681s-2(b). *See* (Rec. Doc. 65). To recover under section 1681s–2(b), Plaintiff must demonstrate that (1) she notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified the Defendant of the dispute; and (3) the Defendant failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation. *Richard v. Equifax, Inc.*, No. 4:14-

CV-2519, 2014 WL 7335034, at *2 (S.D. Tex. Dec. 17, 2014). Plaintiff must also show that she suffered actual damages *because of* Defendant's FRCA violation.

**B.      Actual Damages and Use of a Consumer Report**

The FCRA provides for three types of damages depending upon whether the violation was willful or negligent—actual, statutory and punitive. If Plaintiff proves a willful violation, she will be entitled to either actual damages or statutory damages and she may be entitled to punitive damages at the court's discretion. 15 U.S.C. § 1681n. If Plaintiff proves a negligent violation, she will only be entitled to actual damages. 15 U.S.C. § 1681*o*. Because Plaintiff alleges both a willful and a negligent violation of the FCRA, she must show she suffered actual damages because of Defendant's violation.

SunTrust asserts that Ms. Bacharach cannot establish actual damages under the FCRA because the alleged damages at issue are for business and/or commercial transactions not subject to the FCRA and she is not entitled to anticipated profits or lost real estate opportunities. Ms. Bacharach acknowledges that the purpose of the FRCA is *not* to provide an action for damages for erroneous reports on a business or an individual in a business capacity. However, she argues that a consumer report used for business purposes is still a consumer report and, thus, if a consumer suffers damage from its misuse, the damages caused are recoverable. Ms. Bacharach argues further that while the business/non-business distinction is important in determining whether the Act applies, it should not bar damages actually incurred by a consumer due to violations of the statute with respect to a consumer report. (Rec. Doc. 90 at 3-4).

As set forth in detail *infra,* it is generally held that losses resulting from the use of a credit report solely for a business or commercial transaction are not recoverable under the FCRA. Yet, in an attempt to seek recovery for her commercial and businesses losses resulting from the use of

5

a credit report, Ms. Bacharach contends there is no reason why the consumer should not recover damages if the report is otherwise a consumer report and is misused in a way that causes injury to the consumer even if the injury is with respect to a business transaction.  However, Ms. Bacharach provides little support for this argument.

As stated by House representative Sullivan, the FCRA's sponsor, on the house floor: "The purpose of the Fair Credit Reporting Bill is to protect consumers from inaccurate or arbitrary information in a consumer report which is used as a factor in determining an individual's eligibility for credit, insurance or employment.  It does not apply to reports used for business, commercial or professional purposes." 116 Cong. Record 36,572 (1970).  Moreover, while there is little precedential case law on the issue, the vast majority of courts considering the issue have reached the conclusion that the FCRA does not apply where a consumer report is used for business purposes.  *See Yeager v. TRW, Inc.*, 961 F. Supp. 161, 162 (E.D. Tex. 1997) ("FCRA does not apply to business transactions, even those involving consumers and their consumer credit information."); *Fernandez v. Retail Credit Co.*, 349 F. Supp. 652, 654 (E.D. La. 1972) ("It thus appears clear that a report to be used to establish eligibility for insurance to be used primarily, not for personal, family or household purposes, but for business purposes is *not* a consumer report."); *George v. Equifax Mortgage Servs.*, No. 06-CV-971 DLI LB, 2010 WL 3937308, at *2 (E.D.N.Y. Oct. 5, 2010) ("[I]t is well established that the FCRA does not apply to business or commercial transactions, even when a consumer's credit report impact such transactions.  Accordingly, Plaintiff's claim for damages due to lost business opportunities is not actionable under the FCRA.") (citations omitted); *Grigoryan v. Experian Info. Solutions, Inc.*, 84 F. Supp. 3d 1044, 1080-82 (C.D. Cal. 2014) *reconsideration denied*, No. CV 13-07450 MMM, 2015 WL 1909584 (C.D. Cal. Apr. 27, 2015) (holding that consumer's real estate business was

not a "consumer" under the FCRA); *Matthews v. Worthen & Trust Co.,* 741 F.2d 217, 219 (8th Cir.1984) ("We find that this particular transaction was exempt from the FCRA because the credit report was used solely for a commercial transaction"); *Stich v. BAC Home Loans Servicing, LP,* No. CV 10–01106 CMA MEH, 2011 WL 1135456, *4 (D.Colo. Mar. 29, 2011) ("Where an individual's credit information is used to obtain credit for business purposes, as opposed to personal purposes, courts have determined that the credit report does not fall within the realm of the FCRA, which was implemented to protect consumers"); *Lucchesi v. Experian Info. Solutions, Inc.,* 226 F.R.D. 172, 174 (S.D.N.Y.2005) (consumer report generated for the purposes of obtaining financing for the plaintiff's business "cannot form the basis of liability under the FCRA"); *Natale v. TRW, Inc.,* No. C 97–3661, 1999 WL 179678, *3 (N.D.Cal. Mar. 30, 1999) ("[S]everal courts have held that where the purpose of a plaintiff's credit application was to secure credit for business purposes, as opposed to personal, family or household purposes, the reporting agency's conduct was not covered by the Act."); *Podell v. Citicorp Diners Club, Inc.,* 914 F.Supp. 1025, 1036 (S.D.N.Y.1996) (" [I]t is generally held that a plaintiff may not recover under the FCRA for losses resulting from the use of the credit report solely for a commercial transaction"), *aff'd*, 112 F.3d 98 (2d Cir.1997); *Wrigley v. Dun & Bradstreet, Inc.,* 375 F.Supp. 969, 970–971 (N.D.Ga.1974) ("The court is constrained to the view that both the legislative history of the Act and the official administrative interpretation of the statutory terminology involved compel the conclusion that the Act does not extend coverage to a consumer's business transactions").

 Additionally, the Federal Trade Commission "has interpreted the FCRA to deny protection for credit reports requested for commercial purposes, writing that '[a] report on a consumer for credit or insurance in connection with a business operated by the consumer is not a

7

consumer report and the [FCRA] does not apply to it.' " *See Wisdom v. Wells Fargo Bank NA*, No. CV-10-2400-PHX-GMS, 2012 WL 170900, at *2 (D. Ariz. Jan. 20, 2012) (quoting 16 C.F.R. Pt. 600, App. § 603 cmt. (6)(B)).

In the present matter, Ms. Bacharach seeks to recover damages related to her real estate business. As admitted in her deposition, she was claiming damages related to her business of "buying and flipping or buying and fixing up real estate." (Rec. Doc. 89-4 at 2). Even with regard to the property behind her home on Magazine Street where she states damages for being unable to protect her right to the quiet enjoyment of her home, her damages more particularly relate to the "good income it would have provided us" as she intended to "rent it out and get the income." *Id.* at 8. In sum, Ms. Bacharach's alleged damages were the result of her inability to buy additional commercial/rental properties, renovate existing properties, and build rental properties on her vacant lots. *Id.* at 9-14. It is therefore beyond dispute that any credit reports she may have used to secure financing for such purchases or construction, even though nominally a consumer credit report, were for a "business purpose," i.e., purchasing, improving, and renting properties. It is therefore not deemed a consumer credit report for purposes of the FCRA.

Finally, even if business damages were recoverable, the Court notes that Ms. Bacharach has not demonstrated that SunTrust's alleged violations of the FCRA proximately caused any purported business damages, whether allegedly suffered directly by her or by her business. A partial credit report, dated February 4, 2013, shows that Chase reported her late on a loan on five separate occasions—four times for being 60 days late, and one time for being 30 days late. (Rec. Doc. 89-9 at 1). Another partial credit report, dated April 2, 2013, shows that (i) Wells Fargo Home Loans reported Ms. Bacharach as late on two payments; (ii) Bank of America reported her

late on two payments; and (iii) CitiMortgage reported her late on five payments. *Id.* at 2-3. Accordingly, there is no evidence to suggest that any business damage suffered by Ms. Bacharach was from SunTrust's actions and not a negative credit reporting from other furnishers.

### C. Emotional Distress Damages

"Damages recoverable under the FCRA 'include humiliation or mental distress, even if the consumer has suffered no out-of-pocket losses' due to a denial of credit." *Waddell v. Equifax Info. Servs., LLC,* No. CV 05–0092 PHX DGC, 2006 WL 2640557, *4 (D.Ariz. Sept. 14, 2006) (quoting *Stevenson v. TRW Inc.,* 987 F.2d 288, 296 (5th Cir.1993)). "[A]n FCRA plaintiff seeking emotional distress damages is required to present 'evidence of genuine injury, such as the evidence of the injured party's conduct and the observations of others,' and to demonstrate 'a degree of specificity which may include corroborating testimony or medical or psychological evidence in support of the damage award.'" *Wagner v. BellSouth Telecommunications, Inc.*, 520 F. App'x 295, 298-99 (5th Cir.) *cert. denied*, 134 S. Ct. 473, 187 L. Ed. 2d 336 (2013) (quoting *Cousin v. Trans Union Corp.,* 246 F.3d 359, 371 (5th Cir.2001)). Ms. Bacharach has presented no evidence of injury beyond her own conclusory assertions about emotional distress, including the fact that she "lost about a year and a half of [her] life fighting SunTrust… the all-consuming part of [her] life, to the detriment of everything else." (Rec. Doc. 89-4). These statements are insufficient to support an emotional damages award. *See Cousin,* 246 F.3d at 371 (holding that FCRA plaintiff's assertions that he was "[v]ery upset," "angry," and "felt ... like being trapped" were insufficient for emotional damages award). For these reasons, Ms. Bacharach cannot prevail on her emotional distress claim.

### IV. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that SunTrust's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Ms. Bacharach's claim is hereby **DISMISSED**.

New Orleans, Louisiana, this 23rd day of October, 2015.

_____
UNITED STATES DISTRICT JUDGE